IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD JOHNSON,

    Petitioner,

v.                                    Civil Action No. **3:16CV992**

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

Ronald Johnson, a federal inmate proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). Johnson contends that the Bureau of Prisons ("BOP") has improperly calculated his federal sentence. On December 19, 2017, the Magistrate Judge issued a Report and Recommendation that recommended denying Johnson's § 2241 Petition. (ECF No. 15.) Following two extensions of time in which to respond to the Magistrate Judge's Report and Recommendation, Johnson filed objections. ("Objections," ECF No. 19.) For the reasons that follow, Johnson's Objections will be OVERRULED, and his § 2241 Petition will be DENIED.

### I.    BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**A.    Standard for Summary Judgment**

    Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly

supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submits: (1) the Declaration of Robert C. Jennings, a Management Analyst at the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas (Mem. Supp. Mot. Summ. J. Ex. 1 ("Jennings Decl."), ECF No. 10–1); (2) Johnson's BOP sentence computation records (*id.* Attachs. A, C, E, F, ECF Nos. 10–2, 10–4, 10–6, 10–7); (3) records relating to Johnson's federal conviction (*id.* Attachs. B, D, ECF Nos. 10–3, 10–5); (4) Johnson's inmate disciplinary record (*id.* Attach. G, ECF No. 10–8); (5) records from Johnson's administrative remedy requests (*id.* Attach. H, ECF No. 10–9); and, (6) relevant portions of BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) ("BOP Program Statement 5880.28") (*id.* Attachs. I–L, ECF Nos. 10–10 through 10–13).

As required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Johnson was advised of his right to respond to Respondent's motion, as well as the consequences of failing to respond. (ECF No. 11.) Johnson did not respond and the time to do so has expired. In light of the foregoing principles and submissions, the following facts are established for purposes of the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Johnson.

### B. Summary of Pertinent Facts

Johnson was arrested by the Atlantic City, New Jersey, Police Department for possession of heroin on April 7, 2012. (Jennings Decl. ¶ 6.) Johnson was again arrested "by the Atlantic City, New Jersey, Police Department on December 3, 2012, for Possess/Distribute/Manufacture/Dispense Controlled Dangerous Substances." (*Id.*) The following year, "[o]n April 5, 2013, Petitioner was sentenced on both cases to 4-years['] imprisonment with 39 days of jail credit." (*Id.*)

2

On March 18, 2013, a Criminal Complaint was filed against Johnson in the United States District Court for the District of New Jersey ("Sentencing Court") for "conspiracy to distribute, and to possess with intent to distribute, 1 kilogram or more of a mixture or substance containing a detectable amount of heroin," on or about the dates of November 10, 2012, through March 2013. (*Id.* ¶ 7 (quoting *id.* Attach. B, at 2).) "On April 11, 2013, and November 20, 2013, Petitioner was temporarily removed from state custody by the United States Marshals Service on a federal writ of habeas corpus ad prosequendum." (*Id.* ¶ 8 (citing *id.* Attach. C).) Pursuant to BOP Program Statement 5880.28,[1] "[t]his time has been credited toward his state sentence." (*Id.* ¶ 17 (citing *id.* Attach. L).)

On January 14, 2016, Johnson was sentenced by the Sentencing Court for his conviction of conspiracy to distribute a controlled substance. (*Id.* ¶ 9 (citing *id.* Attach. D, at 2).) The Sentencing Court imposed the following sentence:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months, to run concurrent to the undischarged New Jersey State term of imprisonment with credit received for time previously served on this charge.
>
> The Court further designates the New Jersey Department of Corrections as the place of service for this sentence. The U.S. Marshals Service shall file a detainer so the defendant is returned to federal custody once his state term is complete.
>
> The Court makes the following recommendations to the Bureau of Prisons:
>
> If or when the defendant is a federal prisoner; the defendant shall be designated to a facility that will provide drug treatment and counseling.
>
> The defendant shall remain in custody pending service of sentence.

(*Id.* Attach. D, at 2.) In summary, the Sentencing Court sentenced Johnson to "60-months to be served concurrently with his state sentence," and the BOP "designated the New Jersey Department of Corrections as the place to serve his federal sentence and commenced Petitioner's federal sentence on January 14, 2016, the date his federal sentence was imposed, in order to effectuate concurrent service of the state and federal sentences." (*Id.* ¶ 14 (citing *id.* Attach. I).)

---

[1] As relevant here, BOP Program Statement 5880.28 provides:

> Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

(Jennings Decl. Attach. L, at 2.)

3

After the Sentencing Court imposed Johnson's federal sentence, Johnson was returned to state custody on January 20, 2016, "to resume serving his New Jersey state sentence." (*Id.* ¶ 11.) Because Johnson was already in custody serving his New Jersey state sentence, "[w]hen Petitioner was sentenced federally . . . New Jersey maintained primary custodial authority over him." (*Id.* ¶ 14.) "The U.S. Marshals obtained temporary custody via a federal writ of habeas corpus ad prosequendum for prosecution and sentencing." (*Id.*) Johnson completed his state sentence on February 18, 2016, and "was then taken into federal custody to serve the remainder of his federal sentence." (*Id.* ¶ 11.)

Johnson was "awarded prior custody credit from February 26, 2013, through April 4, 2013, pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971)." (*Id.* ¶ 12.) Such prior custody credit may be awarded when (1) the federal and non-federal sentences run concurrently and, (2) "the Raw Effective Full Term (EFT) date of the non-federal term is equal to or less than the Raw EFT Term date of the federal sentence." (*Id.* ¶ 16 (citing *id.* Attach. K).) If these two prerequisites are satisfied, the BOP may award prior custody credit "for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal." (*Id.* (citing *id.* Attach. K).) In this case, Johnson was awarded prior custody credit because his federal sentence was ordered to run concurrent to his state sentence (*id.* ¶ 9 (citing *id.* Attach. D)), and "[t]he Raw EFT of Petitioner's federal sentence is January 13, 2021, which is greater than the Raw EFT Term date of his state sentence, April 4, 2017," (*id.* ¶ 16). Although Johnson received prior custody credit, he was "sanctioned with the loss of 27 days good conduct time for institutional violations during his time in federal custody. Therefore, his projected release date is May 9, 2020." (*Id.* ¶ 12 (citing *id.* Attachs. A, F, G).)

C.  Analysis

In Johnson's § 2241 Petition, he alleges error in the calculation of his federal sentence. Specifically, Johnson argues that: (1)(a) he is entitled to credit for all of the time he spent in state custody before the imposition of his federal sentence and, (b) the BOP improperly denied him credit pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3(b); (2) the BOP erred when it determined that he was ineligible for *nunc pro tunc* designation; and, (3) the BOP's use of 18 U.S.C. § 3585(a) and (b) is unconstitutional. The Court will discuss each claim in turn.

1.  Claim One

In Claim One (a), Johnson argues that he is entitled to credit against his federal sentence for all of the time he spent in state custody serving his state sentence. (§ 2241 Pet. 10.) Pursuant to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). If a federal sentence is "imposed on a defendant who is already subject

4

to an undischarged term of imprisonment," the BOP may award credit toward the prisoner's federal sentence pursuant to 18 U.S.C. § 3584(a), which controls the imposition of concurrent federal sentences. 18 U.S.C. § 3584(a). The BOP considers a federal sentence to commence on the date it is imposed. *See United States v. Labeille-Soto*, 163 F.3d 93, 98–99 (2d Cir. 1998) (holding that a federal sentence cannot commence before it is imposed); *see also United States v. McClean*, No. 88–5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (citations omitted) ("A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served.").

In Johnson's case, his federal sentence was imposed on January 14, 2016, and the Sentencing Court ordered Johnson's federal sentence to run concurrent to the "undischarged New Jersey State term of imprisonment." (Jennings Decl. Attach. D, at 2.) After Johnson's federal sentence was imposed, he was returned to New Jersey custody to complete the remainder of his New Jersey sentence. (Jennings Decl. ¶ 11.) Johnson's New Jersey sentence and federal sentence ran concurrently from January 14, 2016, through February 18, 2016, the date he completed his New Jersey sentence. (*Id.*) As discussed above, when a federal sentence is ordered to run concurrent to a state sentence, the federal sentence commences on the date it was imposed and can only run concurrent to the remaining portion of the state sentence. *See Labeille-Soto*, 163 F.3d at 98–99; *McClean*, 1989 WL 5457, at *1. Johnson received all of the concurrent credit to which he is entitled because, although his state sentence commenced on April 5, 2013 (Jennings Decl. ¶ 6), he was only entitled to concurrent credit for his state and federal sentences once his federal sentence was imposed on January 14, 2016. The Court therefore finds no error in the manner that Respondent has calculated Johnson's federal sentence. Johnson is not entitled to additional concurrent credit for the time he was in state custody prior to the imposition of his federal sentence, except for so-called *Willis* credit,[2] which is described below.

Pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), Johnson received prior custody credit for the time he served in presentence state custody. (Jennings Decl. ¶ 16.) Specifically, prior custody credit was applied to Johnson's federal sentence from February 26, 2013, through April 4, 2013, the day before his state sentence was imposed. (*Id.* (citing *id.* Attach. K).) Although 18 U.S.C. § 3585(b)[3] bars crediting a federal term with time already counted toward another

---

[2] The term "*Willis* credit" arises from the holding in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).

[3] Pursuant to 18 U.S.C. § 3585(b):

**(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

5

sentence, *Willis* provides an exception. *See* 18 U.S.C. § 3585(b); *Willis*, 438 F.2d at 925. Under *Willis*, the BOP may grant prior custody credit "even if it results in a double-credit toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date." *Winston v. Stansberry*, No. 3:08CV553, 2009 WL 2230844, at *4 (E.D. Va. July 21, 2009) (citing *Willis*, 438 F.2d at 925); (*see* Jennings Decl. ¶ 16 (citing Jennings Decl. Attach. K).) When, as is the case here, "these two circumstances are met, then credit is given toward the federal sentence for time spent in state *pre-sentence* custody that begins on or after the date of the federal offense, and runs to the imposition of the first state sentence." *Winston*, 2009 WL 2230844, at *4 (citing *Willis*, 438 F.2d at 925) (emphasis in original); (*see* Jennings Decl. ¶ 16 (stating that Johnson's federal full term release date, January 13, 2021, is greater than his state full term release date, April 4, 2017)); *see also* BOP Program Statement 5880.28.[4]

Here, Johnson's state sentence was imposed on April 5, 2013. (Jennings Decl. ¶ 6.) Pursuant to *Willis*, the BOP accurately credited Johnson's federal term for time served before the imposition of his state sentence from February 26, 2013, through April 4, 2013. (*Id.* ¶ 12 (citing *id.* Attachs. A, F, G).) Johnson's time in state custody on or after the April 5, 2013 imposition of his state sentence is ineligible for credit toward his federal sentence under the *Willis* exception.

Accordingly, Johnson's claim that he is entitled to credit against his federal sentence for all time served in state custody lacks merit. The Court finds no error in the manner that Respondent has calculated Johnson's sentence. Therefore, it is RECOMMENDED that the Motion for Summary Judgment be GRANTED as to Claim One (a).

In Claim One (b), Johnson argues that, contrary to the orders of the Sentencing Court, the BOP improperly denied him credit pursuant to U.S.S.G. § 5G1.3(b). (§ 2241 Pet. 6–7, 10); *see U.S. Sentencing Guidelines Manual* § 5G1.3(b) (U.S. Sentencing Comm'n 2015). Pursuant to U.S.S.G. § 5G1.3:

---

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

[4] "The BOP formally adopted the *Willis* exception for crediting *pre-sentence* state detention time in Program Statement 5880.28, Sentence Computation Manual of 1984 (Feb. 14, 1997) . . . . This credit applies only for pre-sentence detention." *Winston*, 2009 WL 2230844, at *4 n.6 (emphasis in original).

> (b) If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed as follows:
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

*U.S. Sentencing Guidelines Manual* § 5G1.3(b) (U.S. Sentencing Comm'n 2015); *see U.S. Sentencing Guidelines Manual* § 5G1.3(b) cmt. n.2 ("If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should note on the Judgment in a Criminal Case Order (i) the applicable subsection (*e.g.*, § 5G1.3(b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to § 5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons."). In this case, the Sentencing Court ordered that Johnson's federal sentence was "to run concurrent to the undischarged New Jersey state term of imprisonment." (Jennings Decl. Attach. D, at 2.) However, as set forth in the Judgment in a Criminal Case, the Sentencing Court did not provide for any sentence adjustment pursuant to U.S.S.G. § 5G1.3(b). (*Id.*) Therefore, Johnson's claim that the BOP disregarded the orders of the Sentencing Court and improperly denied him credit pursuant to U.S.S.G. § 5G1.3(b) lacks merit.

Moreover, to the extent that Claim One (b) can be construed as a request for a sentence adjustment pursuant to U.S.S.G. § 5G1.3(b), this Court lacks jurisdiction to resentence Johnson. Federal prisoners must ordinarily challenge their sentence by motion filed under 28 U.S.C. § 2255, and claims challenging the validity of a federal prisoner's conviction or sentence may be brought under 28 U.S.C. § 2241 only when § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e).[5]

---

[5] Pursuant to 28 U.S.C. § 2255(e):

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The United States Court of Appeals for the Fourth Circuit has held that § 2255 is inadequate or ineffective only when:
> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). In this case, Johnson brought his claims under § 2241, not § 2255, and he has not asserted, much less demonstrated, that § 2255 is inadequate or ineffective to test the legality of his confinement. Although petitions under § 2241 may be used to challenge the execution of a federal sentence, *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004), challenges to the validity of a federal sentence must fit within the Fourth Circuit's limited view of the so-called "savings clause," as set forth in *In re Jones*, 226 F.3d at 333–34. Johnson's claims do not. Applying the three-part test set forth in *In re Jones*, Johnson is unable to satisfy the second or third elements, and his claims relate to his sentencing and do not challenge the criminality of his underlying conduct. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333–34) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.").

Accordingly, for the reasons set forth in this section, it is RECOMMENDED that the Motion for Summary Judgment be GRANTED as to Claim One (b).

### 2. Claim Two

In Claim Two, Johnson asserts that "the BOP was in error for determining that Petitioner was not eligible for nunc pro tunc retroactive designation." (§ 2241 Pet. 7, 11.) Specifically, Johnson argues that "the BOP erred by ignoring the [Sentencing] Judge's orders for Nunc Pro Tunc designation." (*Id.* at 7.) Contrary to Johnson's assertion, he did receive the benefit of *nunc pro tunc* designation, and he fails to demonstrate entitlement to *nunc pro tunc* designation for any additional period of time.

A *nunc pro tunc* designation may be applied if the BOP designates a non-federal facility as the place of confinement for a prisoner's federal sentence when, at the time of the prisoner's federal sentencing, the prisoner was in custody at a non-federal facility. *See Barden v. Keohane*, 921 F.2d 476, 481–82 (3d Cir. 1990); *see also United States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998) (citations omitted) ("When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence."). The BOP has "broad discretion" in reviewing requests for *nunc pro tunc* designation, however, such a designation is usually imposed only when it is consistent with the intent of the sentencing court.

8

*Barden*, 921 F.2d at 478, 481–82; *accord Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005).[6]

In this case, the Sentencing Court imposed the following sentence on January 14, 2016:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months, to run concurrent to the undischarged New Jersey State term of imprisonment with credit received for time previously served on this charge.
>
> The Court further *designates the New Jersey Department of Corrections as the place of service for this sentence.* The U.S. Marshals Service shall file a detainer so the defendant is returned to federal custody once his state term is complete.

(Jennings Decl. Attach. D, at 2 (emphasis added).) Pursuant to the directions of the Sentencing Court, the BOP "designated the New Jersey Department of Corrections as the place to serve his federal sentence and commenced Petitioner's federal sentence on January 14, 2016." (Jennings Decl. ¶ 14.) After the imposition of Johnson's federal sentence, he was returned to state custody on January 20, 2016, "to resume serving his New Jersey state sentence," and his state and federal sentences ran concurrently from January 14, 2016, until the completion of Johnson's state sentence on February 18, 2016. (*Id.* ¶ 11.) After completing his state sentence on February 18, 2016, Johnson "was then taken into federal custody to serve the remainder of his federal sentence." (*Id.*)

Contrary to Johnson's assertion that the BOP ignored the Sentencing Court's "orders for Nunc Pro Tunc designation" (§ 2241 Pet. 7), Johnson received the benefit of *nunc pro tunc* designation. Specifically, Johnson was permitted to begin the service of his federal sentence on January 14, 2016, while he was in non-federal custody because the BOP "designated the New Jersey Department of Corrections as the place to serve his federal sentence." (Jennings Decl. ¶ 14 (citing Jennings Decl. Attach. I).) Because of this *nunc pro tunc* designation, when Johnson was returned to state custody after his federal sentencing, his federal and state sentences ran concurrently from January 14, 2016, through February 18, 2016, the date he completed his state sentence. (*Id.* ¶ 11 (citing *id.* Attach. C).) Johnson fails to demonstrate that he was entitled to *nunc pro tunc* designation for any additional period of time, and the Court finds no error in the manner that Respondent has calculated Johnson's sentence. Accordingly, it is RECOMMENDED that the Motion for Summary Judgment be GRANTED as to Claim Two.

---

[6] Generally, the BOP considers a prisoner's request for *nunc pro tunc* designation under the factors set forth in 18 U.S.C. § 3621(b), which include, *inter alia*, the nature and circumstances of the offense, history and characteristics of the prisoner, and any statement by the Sentencing Court concerning the purpose of the sentence or recommendation of the type of correctional facility. *See* 18 U.S.C. § 3621(b)(1)–(4).

9

### 3. Claim Three

In Claim Three, Johnson alleges that "[t]he BOP['s] use of 18 U.S.C. § 3585(a) [and] (b) is unconstitutional," arguing that "the BOP's alleged authority contravenes basic tenets of separation of power and will result in an unconstitutional delegation of power by Congress to the Executive Branch." (§ 2241 Pet. 7.) As relevant to the execution of Johnson's sentence, Johnson contends that "the BOP attempts to utilize 18 U.S.C. § 3585 to contravene the district court's power." (*Id.* at 11–12.)

Johnson's argument regarding the unconstitutionality of 18 U.S.C. § 3585(a) and (b) lacks merit.[7] Although Johnson raises conclusory arguments about the unconstitutionality of these provisions, he fails to direct the Court to any persuasive authority to support his position. Moreover, to the extent that the Supreme Court has discussed 18 U.S.C. § 3585(a) and (b), the Supreme Court has not found, nor suggested, that the provisions are unconstitutional. *See, e.g., United States v. Wilson*, 503 U.S. 329, 332 (1992) (discussing, *inter alia*, § 3585(b) and the history of relevant congressional acts related to sentencing).

Additionally, to the extent that Johnson argues that the BOP is using "18 U.S.C. § 3585 to contravene the district court's power" (§ 2241 Pet. 11–12), this argument also lacks merit. For the reasons set forth above, Johnson fails to show that the BOP's execution of his sentence is contrary to the Sentencing Court's directions, and he fails to show that the BOP has improperly calculated his sentence. Johnson, therefore, fails to show that the BOP has acted in a manner that is contrary to the orders of the Sentencing Court. Accordingly, it is RECOMMENDED that the Motion for Summary Judgment be GRANTED as to Claim Three.

(R & R 1–15 (alterations and omissions in original).)

## II. STANDARD OF REVIEW

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at

---

[7] As discussed above, 18 U.S.C. § 3585 controls the calculation of a term of imprisonment. *See supra* note [3].

the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

### III. JOHNSON'S OBJECTIONS

In his Objections to the Magistrate Judge's Report and Recommendation, Johnson listed one numbered objection labelled, "OBJECTION 1." (Objs. 1.) However, the Court notes that Johnson's one objection consists of several objections that are rambling, lack any discernable organization, and fail to comport with the Magistrate Judge's directive that "objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings." (R & R 15, ECF No. 15 (citation omitted).) That is, instead of identifying specific deficiencies in the Report and Recommendation, Johnson generally addresses each section of the Report and Recommendation, provides vague legal arguments with case citations, and seemingly reasserts the factual and legal arguments that he made in his § 2241 Petition.

In order for an objection to trigger *de novo* review, it must be made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *see Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."). Further, the objection must respond to a specific error in the Report and Recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." *United States v. Wearing*, No. 3:04–cr–00092, 2011 WL

11

918343, at *2 (W.D. Va. Mar. 15, 2011) (citing *Orpiano*, 687 F.2d at 47; *Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008)), *aff'd*, 446 F. App'x 641 (4th Cir. 2011). After reviewing Johnson's Objections, the Court concludes that Johnson's Objections are tantamount to failing to object at all.[8]

For example, Johnson first states: "Respondent has not met their burden under Fed. R. Civ. P. 56(c) . . . . The Respondent relied on conclusory statements and their own policies and procedures which do not have the effect of law." (Objs. 1–2 (citation omitted).) Johnson then summarizes the findings of the Magistrate Judge, but does not identify "a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. As a result, this objection fails to comport with Federal Rule of Civil Procedure 72.

Additionally, after summarizing the findings of the Magistrate Judge, Johnson argues that, because"[t]he Attorney General did not object[,] . . . [the Attorney General] thus has waived any argument to the contrary." (Objs. 2.) Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party *may* serve and file specific written objections to the proposed findings and recommendations. A party *may* respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2) (emphasis added). As such, contrary to Johnson's argument, Respondent is not required to respond to the Magistrate Judge's Report and Recommendation. Further, because Johnson fails to identify "a specific error in the magistrate's proposed findings and recommendations," this objection also fails to comport with Federal Rule of Civil Procedure 72. *Orpiano*, 687 F.2d at 47.

---

[8] Although Johnson's Objections lack the specificity required by Federal Rule of Civil Procedure 72, and thus, do not require a *de novo* review, the Court has reviewed the record and Johnson's Objections and finds that the Report and Recommendation thoroughly analyzed Johnson's arguments and that his claims lack merit.

Next, Johnson states: "The Magistrate incorrectly put the greater weight to 18 U.S.C. § 3585(a) on the date the federal sentence was imposed, and the B.O.P.'s consideration that a federal sentence commences on the date it is imposed, relying on *United States v. Labeille-Soto* . . . [and] *United States v. McClean*." (Objs. 2 (full citations omitted).) The Magistrate Judge thoroughly analyzed Claim One (a) and found no error in the manner that Respondent has calculated Johnson's sentence, concluding that Johnson's federal sentence commenced on the date it was imposed and could only run concurrent to the remaining unserved portion of his state sentence. (R & R 7–8.) Johnson fails to object with the requisite specificity to any conclusion by the Magistrate Judge regarding the commencement of his federal sentence.

Next, Johnson asserts that the B.O.P. improperly denied him credit pursuant to U.S.S.G. § 5G1.3. (Objs. 3–4.) Here, Johnson does nothing more than reargue Claim One (b) from his § 2241 Petition. (§ 2241 Pet. 7.) Instead of identifying "a specific error in the magistrate's proposed findings and recommendations," Johnson generally contends that the Sentencing Court intended, through "its oral order," to adjust his sentence pursuant to U.S.S.G. § 5G1.3. *Orpiano*, 687 F.2d at 47; (*see* Objs. 3–4.) This is the same argument that he presented in Claim One (b). The Magistrate Judge thoroughly analyzed Claim One (b) and concluded that, "as set forth in the Judgment in a Criminal Case, the Sentencing Court did not provide for any sentence adjustment pursuant to U.S.S.G. § 5G1.3(b)." (R & R 10.) Johnson fails to identify any error in the Magistrate Judge's conclusion. Therefore, Johnson's objection fails to comport with Federal Rule of Civil Procedure 72 because he fails to object with the requisite specificity to any conclusion by the Magistrate Judge.

Next, Johnson states: "This Court denied the Petitioner's request for sentencing transcripts, which would prove the sentencing court's oral order, which trumps any written order . . . ." (Objs. 4 (citation omitted).) The Court previously addressed this issue by Memorandum

13

Order entered on January 11, 2017. (ECF No. 4.) Specifically, the Court denied Johnson's Motion Requesting Sentencing Transcript, advising Johnson that he must direct such a request to the court in which he was sentenced. (*Id.* at 3.) Following the Court's Memorandum Order, Johnson did not file his sentencing transcript with this Court.[9] Accordingly, Johnson fails to identify "a specific error in the magistrate's proposed findings and recommendations" and, therefore, this objection fails to comport with Federal Rule of Civil Procedure 72. *Orpiano*, 687 F.2d at 47.

Next, Johnson addresses the section wherein the Magistrate Judge concluded that Johnson had received the benefit of *nunc pro tunc* designation, but had failed to demonstrate entitlement to *nunc pro tunc* designation for any additional period of time. (Objs. 4.) Here, Johnson does nothing more than reargue Claim Two. Johnson argues that "[i]t is clear by even the B.O.P's policy [that] Petitioner can have this extra credit pursuant to the sentencing court's order;" (Obj. 4), however, Johnson fails to identify "a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. As a result, Johnson again fails to object with the requisite specificity to any conclusion by the Magistrate Judge.

Finally, Johnson states: "*Wilson* does not apply here because it did not deal with the situation of a federal court exercising its discretion to impose a concurrent sentence and how to make that sentence truly concurrent to a sentence for a related offense . . . ." (Objs. 5.) It appears that Johnson's vague statement is an attempt to address the Magistrate Judge's conclusion that Johnson's claim regarding the unconstitutionality of 18 U.S.C. § 3585(a) and (b) lacked merit. (R & R 14–15.) The Magistrate Judge thoroughly analyzed Johnson's Claim Three, and explained that, "to the extent that the Supreme Court has discussed 18 U.S.C.

---

[9] The record fails to show that Johnson requested a sentencing transcript from the New Jersey District Court, which was the Court in which he was sentenced.

§ 3585(a) and (b), the Supreme Court has not found, nor suggested, that the provisions are unconstitutional. *See, e.g., United States v. Wilson*, 503 U.S. 329, 332 (1992) [(parenthetical omitted)]." (*Id.* at 15.) Johnson fails to object with the requisite specificity to the Magistrate Judge's conclusion that, "although Johnson raise[d] conclusory arguments about the unconstitutionality of these provisions, he fail[ed] to direct the Court to any persuasive authority to support his position." (*Id.* at 14.) As a result, this objection fails to comport with Federal Rule of Civil Procedure 72.

Even though the Court is not required to conduct a *de novo* review due to Johnson's failure to object with the specificity required by Rule 72 of the Federal Rules of Civil Procedure, after reviewing the record, the Court finds that the Magistrate Judge properly assessed Johnson's claims and determined that his claims lack merit. Accordingly, the Report and Recommendation will be ACCEPTED and ADOPTED.

## IV. CONCLUSION

Johnson's Objections (ECF No. 19) will be OVERRULED. The Report and Recommendation (ECF No. 15) will be ACCEPTED and ADOPTED. The Motion for Summary Judgment (ECF No. 12) will be GRANTED, and the Motion to Dismiss (ECF No. 9) will be DENIED AS MOOT. The § 2241 Petition (ECF No. 1) will be DENIED. Johnson's claims and the action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: FEB 22 2018
Richmond, Virginia

15